In the Matter of **ULRICO DEVELOP-MENT, Debtor.**

No. B-91-67.

United States District Court,
D. Puerto Rico.

April 27, 1970.

William H. Beckerleg, referee in bankruptcy, A. J. Amadeo Murga, Santurce, P. R., for Monty Construction.

Robert J. Griswold, trustee in bankruptcy, Brown, Newsom & Cordova, San Juan, P. R., for Ulrico Development, Inc.

ORDER

FERNANDEZ-BADILLO, District Judge.

The petition to review the proceedings before the referee which resulted in the turn over order dated October 28, 1968 has once again been brought to my consideration. It shall serve well to recall that by Order of July 1, 1969 this Court remitted the record to the referee with instructions that a transcript or summary of the evidence be certified as part of his return, and in the alternative, if no record of the proceedings was taken that efforts be made by the parties to come to an agreement with the referee as to the evidence which was relevant. Referee Beckerleg has failed to comply with such order. The Supplementary Certificate merely affirms that no transcript of evidence was made and incorporates as a part thereof copies of the various deeds executed in the transaction involved. These copies of said deeds as indicated by the referee himself "were attached to [the] Certificate on Review as attachment to the Answer of Monty Construction, Inc. (hereinafter referred to as Monty) and Federal Construction Corp." (hereinafter referred to as Federal).

■ The referee is duty bound to make findings of fact and conclusions of law.[1] In the original Certificate on Review the referee concedes that in the show cause hearing "the parties stipulated that the Referee would first rule upon that portion of the answer contained in paragraphs 1 through 4, and that the balance of the paragraphs of the answer would not be considered until and unless the Referee's ruling on paragraphs 1 through 4 was entered. Para-

---

1. Neither the certificates on review nor the referee's turn over order state under which provision of law he proceeded. The sole conclusion made by the referee in the

order under review was that the court of bankruptcy had jurisdiction in these proceedings.

graphs numbered 3 and 4[2] of the Answer filed by Monty and Federal to the Order to Show Cause are important factors to be considered in our review of the referee's order. No finding whatsoever was made relative to the bonafide purchaser issue raised in the answer. Directly related to this issue is the situation set forth in Section 60(b) of the Act, 11 U.S.C. § 96(b) which provides that a preference "may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, *reasonable cause to believe that the debtor is insolvent.*" (Emphasis supplied) Petitioner not only contends that Monty was a bonafide purchaser but also that no evidence was introduced as to the fact that the creditor had reasonable cause to believe that the debtor was insolvent at the time of the transfer. Counsel for the trustee urges us to accept the findings of the referee unless clearly erroneous. The problem is no findings as to these matters were made. If the matters alleged in the petition are without evidentiary basis he should so state. If they had basis he must show the Court how he dealt with them. The trustee takes up the matters of the bona fide nature of the purchaser, and of "the reasonable cause to believe" issue in its brief in support of confirmation. However, the Court cannot proceed on the imputations contained therein in the face of a certified record void of any evidence to that effect.

■ Accordingly, I am compelled to remit the record once more to the Referee in order that he comply with his function and make complete findings respecting the issues discussed herein, specifically, the reasonable cause to believe

debtor insolvent and the bona fide nature of the purchaser. It is undesirable to have a case ricochet back and forth from a referee to a judge because the findings and proof are so incomplete that a review cannot be perfected.

It is so ordered.

2. Paragraph Number 3 reads:
    "Monty Construction and Federal Construction deny that the transfer from Federal to Monty was not for value and also deny that they are the same entity and allege at the contrary that they are separate legal entities having being duly organized and registered before the Depart-

ment of State of the Commonwealth of Puerto Rico."
    Paragraph Number 4 provides:
    "Monty Construction alleges hereby that is the bonafide owner of the land and is not bound neither affected by any subsequent bankruptcy of the original owner; Ulrico Development, Inc."